IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISMAEL MARTINEZ, | |
| Plaintiff, | **8:24CV15** |
| v. | |
| FOREMOST INSURANCE COMPANY, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff Ismael Martinez ("Martinez") brought this lawsuit (Filing No. 1-1) against defendant Foremost Insurance Company ("Foremost") in the District Court of Douglas County, Nebraska, on December 4, 2023. Martinez alleges that his home in Omaha, Nebraska (the "property"), was severely damaged by hail and wind on August 7, 2021. Despite purportedly being covered by an insurance policy issued by Foremost (the "policy"), Martinez reports the company has only paid $3,178.41 of his $122,971.17 in total losses incurred from the property damage. His complaint asserts claims for breach of contract and bad faith under Nebraska law. *See* Neb. Rev. Stat. § 44-1540.

On January 16, 2024, Foremost removed the case to this Court (Filing No. 1) on the basis of complete diversity between the parties. *See* 28 U.S.C. §§ 1332(a), 1441(b). It answered (Filing No. 2) the complaint that same day. The parties engaged in discovery for the next year or so.

Now before the Court is Foremost's Motion for Partial Summary Judgment (Filing No. 15). *See* Fed. R. Civ. P. 56(a). Foremost seeks an order granting partial summary judgment on all of Martinez's claims that "seek[] coverage in excess of Actual Cash Value" as defined in the policy. It relatedly asserts it is entitled to summary judgment on Martinez's bad-faith claim because it issued payment "on an Actual Cash Value basis" and therefore had a "good faith basis" in making its determinations. In support, Foremost has

submitted a brief (Filing No. 16) containing its legal argument and statement of undisputed facts and an index of exhibits (Filing No. 17).[1]

Three months have passed, and Martinez has failed to respond in any way to Foremost's motion. *See* NECivR 7.1(b)(1)(B) (giving an opposing party 21 days to respond to a motion for summary judgment), 56.1(b)(3) (same). On April 9, 2025, Martinez's attorneys moved to withdraw from the case (Filing No. 19), citing his repeated failure "to timely and fully respond to communications." *See* NEGenR 1.3(f). The last time they heard from Martinez was January 11, 2024.

The magistrate judge granted their motion to withdraw on April 10. In his Order (Filing No. 20), the magistrate judge told Martinez that he could retain substitute counsel but would be "deemed to be proceeding *pro se*" upon submission of proof of service of the Order. He also informed Martinez that he was responsible for keeping the Court informed of his contact information and complying with the progression deadlines, rules, and orders of the Court. Finally, the magistrate judge extended the deadline for him to file a response to Foremost's pending motion and warned him "that failure to file a" timely response would preclude him "'from contesting [Foremost's] statement of facts.'" *See* NECivR 7.1(b)(1)(C).

Martinez's former counsel filed a Notice of Service (Filing No. 21) reporting that they sent notice of the magistrate judge's Order to Martinez by mail on April 15. Still, the Court has not heard from Martinez. Having given him more than ample time to respond, the Court now addresses Foremost's unopposed Motion for Partial Summary Judgment.

---

[1]Those submissions fail to comply with the local rules in multiple respects. *See* NECivR 7.1(d)(4) (requiring briefs be accompanied by certificates of compliance with the Court's rules on word limits and generative artificial intelligence), 56.1(a)(3) ("The statement of material facts must describe the parties and recite all facts supporting the court's venue and jurisdiction. The statement must not contain legal conclusions."), (4) ("The statement of material facts shall be filed in a separate document from the motion for summary judgment and brief in support of the motion.").

## I.    BACKGROUND

The facts available to the Court on this motion are sparse.  They are derived in part from Foremost's curt Statement of Undisputed Facts, which provides a less than full picture of the circumstances underlying the parties' dispute.  For purposes of this motion, those facts that are properly supported by citations to the record are deemed undisputed given Martinez's failure to respond to them in any way.  *See* NECivR 7.1(b)(1)(C) ("Failure to file an opposing brief . . . precludes the opposing party from contesting the moving party's statement of facts.").

Foremost is an insurance company based in Michigan.  In 2021, it issued a policy (Filing No. 17-3) to Martinez for the property.  The policy's coverage began on May 4, 2021, and ended on May 4, 2022.  Under the terms of the policy, if a "total loss" of the property were to occur—which is defined as an event rendering the "dwelling [] damaged beyond reasonable repair"—the covered "loss [would] be equal to the Amount of Insurance" on the Declarations Page.  For Martinez's property, that amount was $102,549 (the "Amount of Insurance").

The policy also provided payment methods for damages resulting in partial losses to the dwelling and losses to the property's roof.  Under the "Scheduled Roof Payment Method," Foremost agreed to pay the lowest of (1) "[t]he scheduled roof payment," (2) "[t]he amount required to repair or replace the damaged component parts of [the] roof materials," or (3) the Amount of Insurance.  The policy further defines the "scheduled roof payment" as "all the estimated reasonable costs to repair or replace insured loss of or damage to any roof materials multiplied by the scheduled roof payment percentage" listed in a chart attached to the policy.

In the event of partial losses to the dwelling, the policy limited coverage to an "Actual Cash Value Payment Method."  In that case, Foremost would only pay "the lowest of" (1) "[t]he actual cash value of the lost or damaged component parts of [the] dwelling

at the time of the loss," (2) "[t]he amount required to repair or replace the lost or damaged component parts of [the] dwelling," or (3) the Amount of Insurance.

"Actual cash value" is defined as "the amount it would cost to repair or replace insured property with new property of like kind and quality, less allowance for physical deterioration, depreciation, and obsolescence." By the policy's terms, it does not include "amounts for contractor's fees or charges for overhead and profit" unless those fees and charges "are reasonable and incurred." For purposes of "loss to roof materials, the scheduled roof payment is deemed to be and will determine the actual cash value of the loss."

Martinez's complaint alleges his property "suffered severe hail and wind damage on August 7, 2021," at which time it "was valued at $100,100.00 by the Douglas County Assessor's Office." He asserts he has incurred $122,971.17 in damages from the "total loss" of his property. His allegations provide no other details of the nature of those damages, and—given his failure to respond—there is little else the Court has to go off in terms of how he believes his property was impacted.

For its part, Foremost states it relied on an October 3, 2022, report by Donan Engineering (Filing No. 17-5) in assessing the damage to the property. That report describes Donan Engineering's observations from a September 22, 2022, site-visit to the property. In addition to its engineers, Martinez's spouse and a public adjuster were present during the inspection. The engineers took photographs and attached them to the report.

Donan Engineering concluded that "hail up to 1 inch in diameter [had] fallen" at the site of the property, causing damage to the roof shingles. It also found that a couple of shingles were "torn in a manner consistent with strong winds." It disagreed, however, with Martinez's claim that the hail damage caused water intrusion resulting in damage to the interior of the property. In Donan Engineering's opinion, that water damage was "the result

4

of the gap in the roof's chimney flashing" which had been developing for years. It also concluded the property's siding was not damaged by the hail.

In its October 19, 2022, estimate (Filing No. 17-4), Foremost stated it evaluated the property's damage "based upon the findings of Donan Engineering," and made an estimate based on "the Actual Cash Value of [his] claim." Much of the estimated damages arose from the property's roof. Foremost applied a 46.6% depreciation rate to the cost of roof repairs, greatly diminishing the "Replacement Cost Value" of $11,559.25. In total, the Actual Cash Value of the claim was calculated at $6,436.44. After deducting a previous $2,258.03 payment and Martinez's $1,000 deductible, Foremost decided it owed him only $3,178.41.

Foremost avers it "has paid all money due and payable under" the policy. It further asserts that it "had a good faith basis in reaching its determinations" on Martinez's claim because it relied on Donan Engineering's report and its own estimate in concluding what covered losses Martinez incurred. On those bases, it argues partial summary judgment is warranted.

## II.    DISCUSSION

### A.    Standard of Review

Under Rule 56(a), a party may move for summary judgment "as to an entire case[,] . . . claim, defense, or part of a claim or defense." Fed R. Civ. P. 56 Advisory Committee Notes, 2010 Amendment; *see also Hotel 71 Mezz Lender LLC v. Nat'l Retirement Fund*, 778 F.3d 593, 606 (7th Cir. 2015) (explaining "[n]othing in Rule 56 demands an all-or-nothing approach" and that "a party may seek summary judgment as to a limited portion of its case"). "Summary judgment is [required] 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Whittington v. Tyson Foods, Inc.*, 21 F.4th 997, 1000 (8th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)).

"The movant bears the initial responsibility of informing the district court of the basis for its motion and must identify the portions of the record that it believes demonstrate the absence of a genuine dispute of material fact." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018); *see also Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). It "can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford*, 880 F.3d at 996; *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the movant makes this showing, the nonmovant must submit evidence "of specific facts showing the presence of a genuine issue for trial" to prevent summary judgment. *Bedford*, 880 F.3d at 997. A genuine issue for trial exists when the nonmovant "present[s] enough evidence that a jury could reasonably find in his favor." *Id.*; *see also Torgerson*, 643 F.3d at 1052 (explaining the fact in dispute must be "material to the outcome of the case" to preclude summary judgment).

**B.     Analysis**[2]

Foremost first asks the Court to "declar[e] that [Martinez] is only entitled to payment from Foremost for Actual Cash Value[ ] and for such other and further relief as the Court deems just and equitable." Its motion fails to justify such relief.

"An insurance policy is a contract between the insurer and the insured, whose respective rights and obligations must be determined by contract principles." *Rose v. Am. Family Ins.*, 995 N.W.2d 650, 653 (Neb. 2023). Under Nebraska law, "[t]he interpretation of a contract and whether the contract is ambiguous are questions of law." *Avis Rent A Car Sys., Inc. v. McDavid*, 984 N.W.2d 632, 635 (Neb. 2023). A contract "must be construed

---

[2]Foremost applies Nebraska law in its argument for summary judgment. Given that, and the lack of any indication that some other law governs Martinez's claims, the Court follows suit.

. . . to give effect to the parties' intentions." *Rose*, 995 N.W.2d at 653. When its terms "are clear, a court may not resort to rules of construction, and the terms are accorded their plain and ordinary meaning as an ordinary or reasonable person would understand them." *Seemann v. Seemann*, 18 N.W.3d 118, 126 (Neb. 2025).

The only fact statement Foremost provides to support its request for partial summary judgment on Martinez's breach-of-contract claim is the following: "The Policy provides coverage on an Actual Cash Value only [sic]." It's not entirely clear what that means. As written, that statement seems to be a legal conclusion regarding the general scope of the policy's coverage that may not entirely accord with the terms of the policy itself. At least in cases of total loss, the payment owed under the policy is not limited to an Actual Cash Value of repairs but is equal to the policy's Amount of Insurance—$102,549.

While it seems improbable that the property suffered a total loss, Foremost's barebones brief and statement of facts provide little to no factual context for the Court to be certain that Martinez's claim only entitled him to payment based on the Actual Cash Value of the loss. *See Johnson v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 524 (8th Cir. 2020) (explaining courts "will not mine a summary judgment record" for facts to "gild a party's arguments" (quoting *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006))). Simply put, Foremost has failed to meet its burden to justify the entry of summary judgment on this limited record. *See Spann v. Lombardi*, 960 F.3d 1085, 1088 (8th Cir. 2020) (explaining that "a district court does not abuse its discretion by declining to address an argument for summary judgment that is not properly briefed"); *Loc. No. 499, Bd. of Trs. of Shopmen's Pension Plan v. Art Iron, Inc.*, 117 F.4th 923, 933 (6th Cir. 2024) ("The movant 'always bears the burden of demonstrating the absence of a genuine issue as to a material fact' and bears this burden 'regardless if an adverse party fails to respond.'" (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991))).

Foremost fares better with respect to Martinez's bad-faith claim. To establish a claim for bad faith under Nebraska law, Martinez "must show the absence of a reasonable

7

basis for denying benefits of the insurance policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Merrick v. Fischer, Rounds & Assocs.*, 939 N.W.2d 795, 807 (Neb. 2020); *accord Hayes v. Metro. Prop. & Cas. Ins.*, 908 F.3d 370, 374 (8th Cir. 2018). Based on Foremost's statement of facts, it is undisputed for purposes of this motion that "Foremost had a good faith basis in reaching its determinations as to the amount of covered payable loss" on Martinez's claim due to its reliance on Donan Engineering's report and the estimate completed by its agent. Without a response from Martinez demonstrating a genuine factual dispute, that dissipates any claim that Foremost had "no reasonable basis for denying" any part of his claim. *Hayes*, 908 F.3d at 374. Even if their calculations and payments somehow missed the mark, there is no evidence that they were made in bad faith. *See Braesch v. Union Ins.*, 464 N.W.2d 769, 777-78 (Neb. 1991) (explaining a claim for bad faith only arises from intentional or reckless conduct, not mere negligence).

For those reasons, the Court concludes summary judgment is appropriate as to Martinez's bad-faith claim but not his breach-of-contract claim. Because of his apparent failure to participate in this litigation in any meaningful way over the past several months despite the Court's notices and warnings, Martinez is ordered to show cause why the remainder of his complaint should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); NECivR 41.2 ("At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."); *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) ("[P]ro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."). His failure to timely comply with that order may result in the dismissal of this case without further notice. Accordingly,

IT IS ORDERED:

1.  Defendant Foremost Insurance Company's Motion for Partial Summary Judgment (Filing No. 15) is granted in part and denied in part.

2.    Plaintiff Ismael Martinez's bad-faith claim (Filing No. 1-1) is dismissed with prejudice.  Foremost's request for partial summary judgment is denied in all other respects.

3.    On or before July 25, 2025, Martinez must show cause why the rest of his complaint should not be dismissed for failure to diligently prosecute this case.

Dated this 7th day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge