IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISMAEL MARTINEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FOREMOST INSURANCE COMPANY,<br><br>　　　　　　Defendant. | 8:24CV15<br><br><br>**ORDER** |

　　　　On July 7, 2025, the Court granted defendant Foremost Insurance Company's ("Foremost") Motion for Partial Summary Judgment in part and dismissed *pro se* plaintiff Ismael Martinez's ("Martinez") bad-faith claim (Filing No. 22). The Court also ordered Martinez to show cause why the rest of this case should not be dismissed for failure to prosecute. The Court set a deadline of July 25, 2025, and warned that "failure to timely comply with that order may result in the dismissal of this case without further notice." (Filing No. 22). Martinez did not respond to that Order to Show Cause.

　　　　That lack of response comes as no surprise. Martinez has not actively participated in this case since his counsel withdrew on April 10, 2025 (Filing No. 20). At that time, Martinez's counsel had not heard from him since January 11, 2024 (Filing No. 19). The magistrate judge informed Martinez in April that he was responsible for keeping the Court informed of his contact information and complying with all progression deadlines, rules, and orders of the Court (Filing 20). Martinez also failed to respond in any way to Foremost's Motion for Partial Summary Judgment (Filing No. 15).

　　　　Failing to prosecute is grounds for dismissal. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases."); *accord* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal if the plaintiff fails to prosecute or follow a court order).

Martinez's *pro se* status does not excuse him from "comply[ing] with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Bennet v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) ("[The plaintiff's] 'pro se status did not entitle him to disregard the Federal Rules of Civil Procedure,' even without affirmative notice of the application of the rules to his case.") (quoting *Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir.1993)). Failing to do so is also grounds for dismissal. Fed. R. Civ. P. 41(b).

After careful review of the record in this case, the Court finds Martinez's unexplained failure to diligently prosecute his case for the past five months and refusal to comply with this Court's show-cause order and the applicable rules warrant prejudicial dismissal. Accordingly,

IT IS ORDERED:

1. This case is dismissed with prejudice
2. A separate judgment will issue.
3. The Clerk of Court shall mail a copy of this Order and the Judgment to Martinez at his address of record.

Dated this 22nd day of August 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge